UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-61424-CIV-GAYLES/Turnoff

JEFFREY TURCOTTE,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon a Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 1), referred to the undersigned for resolution by the Honorable Darrin P. Gayles, United States District Court Judge for the Southern District of Florida. (ECF No. 4). Upon careful review of the record, the relevant authority, and being otherwise duly advised in the premises, the undersigned makes the following findings and **RECOMMENDS** that the Petition be **DENIED**.

### Summary Factual and Procedural Background

On April 24, 2014, Defendant Jeffrey Turcotte was charged in a seven-count indictment as follows: Counts 1 and 5 for carjacking, in violation of 18 U.S.C. § 2119(1); Counts 2, 3, and 6 for kidnapping, in violation of 18 U.S.C. §1201(a); and Counts 4 and 7 for using a firearm during and in relation to crimes of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). (No. 14-CR-60087-DPG at DE 14). On October 16, 2014, Turcotte entered a guilty plea to Counts 1 through 6, and the government dismissed Count 7. Id. at DE 37, 52.

On December 18, 2014, Turcotte was sentenced to 180 months on Counts 1, 2, 3, 5, and 6,

and 120 months on Count 4, to run consecutively, followed by 5 years of supervised release. Id. at DE 53, 47, 49, 51. Turcotte did not appeal the plea agreement as it contained an appellate waiver. Id. at DE 38.

On June 24, 2016, Turcotte filed the instant motion seeking relief in light of Johnson v. United States, 135 S. Ct. 2551 (2015), which held that the Armed Career Criminal Act's ("ACCA") "residual clause," set forth in § 924(e)(2)(B)(ii), was unconstitutionally vague. (ECF No. 1). His motion was timely because it was filed less than one year after Johnson was decided.[1] Review is proper because, in Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that the Johnson decision "announced a substantive rule that has retroactive effect in cases on collateral review." Id. at 1268.

Turcotte contended that his conviction on Count 4, for violation of 18 U.S.C. §924(c), must be vacated in light of Johnson. First, Turcotte argued that the predicate offenses of carjacking and kidnapping did not qualify as "crimes of violence" under § 924(c)(3)(B)'s risk-of-force clause, as a matter of law, because that clause was unconstitutionally vague in light of Johnson. Second, he argued that carjacking and kidnapping categorically failed to qualify as "crimes of violence" under § 924(c)(3)(A)'s use-of-force clause, because they did not require threat of violent physical force nor the intentional threat of same. As such, Turcotte argued that he was actually innocent of his § 924(c) conviction.

The government argued that Turcotte's claim was not cognizable under Johnson; that it was

---

[1] Section 2255 imposes a one-year statute of limitations running from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

procedurally barred; that he failed to satisfy the burden under §2255; and that the residual clause of §924(c)(3)(B) was not unconstitutionally vague. (ECF No. 6). Notwithstanding, the government argued further that Turcotte's claim failed on the merits as well, because the substantive carjacking offense, to which he pled guilty, remained a "crime of violence" subsequent to Johnson.

## Discussion

A defendant is barred from presenting a claim, even a constitutional claim, in a § 2255 motion, unless the defendant advanced an available challenge to a criminal conviction or sentence on direct appeal. Lynn v. United States, 365 F.3d 1225 (11th Cir. 2004) (citations omitted). Here, Turcotte failed to raise the issue either at sentencing or on direct appeal. As such, the government argued that he was procedurally barred from raising the issue in a § 2255 motion. United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982).

A procedural bar may be overcome by establishing one of two exceptions. First, a defendant can demonstrate objective cause for the failure to have properly raised the claim, as well as actual prejudice from the alleged constitutional violation. Lynn, 365 F.3d at 1234 (citations omitted). Cause is shown where a petitioner can demonstrate "'some objective factor external to the defense' that impeded his efforts to raise the claim properly in state court," Ward v. Hall, 592 F.3d 1144, 1157 (11th Cir. 2010) (quoting Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639 (1986)), or where "the legal basis for a claim was not 'reasonably available to counsel.'" Ward, 592 F.3d at 1157 (quoting Reed v. Ross, 468 U.S. 1, 16, 104 S. Ct. 2901, 2910 (1984)). To show actual prejudice, a petitioner must "demonstrate that 'the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness.'" Id. (quoting McCoy v. Newsome, 953 F.2d 1252, 1261 (11th Cir. 1992) *(per curiam)*).

Second, a defendant may avail himself of the "actual innocence" exception, wherein a court reviews procedurally defaulted claims to correct a miscarriage of justice, such as "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 495-96, 106 S. Ct. at 2649. To establish the requisite probability of actual innocence, a defendant must show that it is "'more likely than not that no reasonable juror would have convicted him,'" Bousley v. U.S., 523 U.S. 614, 623, 118 S. Ct. 1604, 1611 (quoting Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 851, 867 (1995)), which entails "proof of actual innocence, not just legal innocence." Ward, 592 F.3d at 1157 (quoting Johnson v. Alabama, 256 F.3d 1156. 1171 (11th Cir. 2001)).

The government argued that Turcotte could not overcome the procedural bar as he could establish neither the requisite cause and prejudice nor actual innocence. See Massaro v. United States, 538 U.S. 500, 504, 123 S. Ct. 1690, 1693 (2003) ("Claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice"); See Reece v. United States, 119 F.3d 1462, 1467 n.9 (11th Cir. 1997) (noting that double procedural default occurs when defendant neither objects in the trial court nor on direct appeal). According to the government, the fact that a claim may have been foreclosed by existing legal precedent at the time of sentencing did not constitute cause to excuse default. The government argued further that allegations of ineffective assistance of counsel for failing to pursue a Johnson-type challenge were insufficient to establish cause for a procedural default. (ECF No. 6) at p. 7. See Jackson v. Herring, 42 F.3d 1350, 1359 (11th Cir. 1995) ("To be effective within the bounds set by Strickland, an attorney need not anticipate changes in the law"). However, this Court recently rejected these arguments. See Chatfield v. United States, No. 16-22591-CIV-Cooke/Torres, 2017 WL 1066776,

at *4 (S.D. Fla. Mar. 2, 2017) (finding that the petitioner did not procedurally default his § 2255 claim given the standard for demonstrating cause set forth in Reed—where the court explicitly overrules prior precedent there is unlikely to be a reasonable basis upon which to have urged the court to adopt a contrary position).

The government further argued that Turcotte could not establish actual prejudice, because the sentence imposed did not exceed the aggregate statutory maximum for all of the other counts of conviction. (ECF No. 6) at p. 8. Even if Turcotte could not have been lawfully convicted of violating § 924(c), the court could have lawfully imposed the same term of 25 years, based upon his guilty plea as to two carjacking offenses, each of which carried a maximum sentence of 15 years, and three kidnapping offenses, each of which carried a maximum sentence of life. See United States v. Hester, 287 F.3d 1355, 1357 (11th Cir. 2002) ("When the ultimate sentence . . . does not exceed the aggregate statutory maximum for the multiple convictions . . . no effect on substantial rights has occurred that must be remedied").

Because Turcotte has not met the requirements of the first exception to the procedural bar by demonstrating cause and prejudice, the court must determine whether he was "actually innocent" of an illegal sentence. Myrthil v. United States, No. 16-22647, 2016 WL 8542856, at *5 (S.D. Fla. Dec. 29, 2016).

The "ACCA" requires an enhanced sentence for a defendant having three prior predicate convictions and who has been convicted under 18 U.S.C. § 922(g), which, *inter alia*, prohibits a felon from possessing a firearm. 18 U.S.C. §924(e)(1). Turcotte's petition advocates an expanded application of Johnson, wherein the Supreme Court found that the ACCA's "residual clause" was unconstitutionally vague and violated the Constitution's guarantee of due process. 135 S. Ct. 2551,

2563.

The ACCA defines the term "violent felony" as: "any crime punishable by imprisonment for a term exceeding one year" that:

> (I) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).

Paragraph (I) is commonly referred to as the "elements clause," the first part of paragraph (ii) listing felonies is referred to as the "enumerated offenses clause," while the concluding part of paragraph (ii) is referred to as the "residual clause." United States v. Owens, 672 F.3d 966, 968 (11th Cir. 2012). A predicate conviction for a violent felony can qualify under any of these clauses.

As noted, Turcotte was convicted for possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii), not under the ACCA. For purposes of §924(c), "crime of violence" means an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person of another or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. §924(c)(3).

Subsection (A) is commonly referred to as the "use-of-force" clause, while subsection (B) is known as the "risk-of-force" clause.

Although Johnson invalidated only the "residual clause" of the ACCA, and did not address the definition of a "crime of violence" set forth in §924(c)(3), Turcotte argued that Johnson applied

equally to invalidate §924(c)(3)(B)'s risk-of-force clause. However, as noted by the government in its Notice of Supplemental Authority (ECF No. 12), on June 30, 2017, in United States v. Ovalles, 861 F.3d 1257, 1265 (11th Cir. 2017), the Eleventh Circuit held that Johnson did not extend to the residual clause in 18 U.S.C. § 924(c)(3)(B). Thus, Turcotte's argument that the rationale underlying Johnson applied to invalidate § 924(c)(3)(B) fails. See also, Craig v. United States, —Fed App'x—, No. 16-16566, 2017 WL 3142280, at *3 (11th Cir. 2017).

Turcotte next argued that the predicate crimes of carjacking and kidnapping failed to qualify as crimes of violence under the use-of-force clause.[2] With respect to kidnapping, Turcotte argued that it categorically failed to qualify as a "crime of violence" because it could be committed through non-forceful means. With respect to carjacking, Turcotte argued that it too failed because it could be accomplished through intimidation, which did not require the use, attempted use, or threatened use of violent physical force and did not require the intentional use, attempted use, or threatened use of same. Moreover, intimidation did not require an intentional threat of violent force necessary under § 924(c)(3)(A)'s use-of-force clause. Thus, Turcotte argued that, because the "full range of conduct" covered in carjacking did not require "violent force," it could not qualify as a "crime of violence" under § 924(c)(3)(A).

Turcotte's argument that the federal conviction for carjacking did not meet the requirement of the "use-of-force" clause is foreclosed by post-Johnson Eleventh Circuit precedent. See In re Smith, 829 F.3d 1276 (11th Cir. 2016) (denying application to file second successive § 2255

---

[2]Turcotte's § 924(c) conviction requires only one predicate crime of violence. Because the carjacking offense is a crime of violence supporting his conviction thereunder, it is not necessary for the Court to determine whether his other predicate crime of violence, i.e., kidnapping, is also a crime of violence under the statute.

petition). The Eleventh Circuit has specifically held that carjacking, as defined in 18 U.S.C. § 2119, is a crime of violence under the "use-of-force" clause.[3] In re Smith, 829 F.3d at 1280-81; Craig, 2017 WL 3142280, at *4.

Recently, in Marcano v. United States, No. 16-16337, 2017 WL 5171194, at *2 (11th Cir. Nov. 8, 2017), the Eleventh Circuit noted that, in Ovalles, it previously addressed whether Johnson invalidated a conviction under § 924(c) predicated on carjacking. See 861 F.3d 1257. In Ovalles, the Court affirmed the denial of the petitioner's § 2255 motion to vacate a § 924(c) conviction and sentence for using and carrying a firearm during an attempted carjacking under § 2119. Id. at 1269. In so doing, the Court concluded that the risk-of-force clause of § 924(c) remained valid after Johnson. Id. at 1267. Thus, in that case, attempted carjacking qualified as a crime of violence under the risk-of-force clause. Id. The Ovalles Court further held that attempted carjacking categorically qualified as a crime of violence under § 924(c)(3)(A)'s use-of-force clause as well. Id.; see also In re Smith, 829 F.3d at 1280-81 (concluding in the successive § 2255 petition context that even if Johnson invalidated the risk-of-force clause, a § 2119 carjacking is still a crime of violence under § 924(c)'s use-of-force clause). The Eleventh Circuit's reasoning in Smith recognized that the essential elements of carjacking, as set forth in 18 U.S.C. § 2119, required the use, attempted use, or threatened use of physical force against the person or property of another. The plain language of the

---

[3] The federal carjacking statute, in pertinent part, provides:

> Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so [shall be punished in accordance with the remainder of the statute].

18 U.S.C. §2119.

statute required that a defendant have the intent to cause death or serious bodily injury and that he commit the carjacking through the use of "force and violence or intimidation." 829 F.3d at 1281 ("Accordingly, regardless of the validity of § 924(c)'s residual clause, Smith's § 924(c) conviction meets the requirements of that statute's force clause."). Therefore, as the government argued, even if Johnson had invalidated the "crime of violence" definition in § 924(c)(3)(B)'s "residual" clause, Turcotte's conviction would retain its validity under § 924(c)(3)(A)'s "use-of-force" requirement that the underlying felony have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." Smith, 829 F.3d at 1280-81. Consequently, Turcotte is not entitled to the relief sought in his habeas petition.

## Recommendation

In light of the foregoing, and given this Court's limited review, it is **RESPECTFULLY RECOMMENDED** that Petitioner's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 1) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(c), the parties may file written objections to this Report and Recommendation with Judge Gayles, within fourteen (14) days of receipt. Failure to file timely objections shall bar the parties from attacking on appeal any factual findings contained herein. RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993); LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988).

**RESPECTFULLY RECOMMENDED** in Chambers, at Miami, Florida, on this ___ day of December 2017.

                                           **WILLIAM C. TURNOFF**
                                           **UNITED STATES MAGISTRATE JUDGE**