UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:16-cv-61424-GAYLES/TURNOFF (LOUIS)

**JEFFREY TURCOTTE**,

    Movant,

v.

**UNITED STATES OF AMERICA**,

    Respondent.

_____/

### ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** comes before the Court on Magistrate Judge William Turnoff's Report and Recommendation (the "Report") [ECF No. 13] regarding Movant Jeffrey Turcotte's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255, challenging the constitutionality of his conviction under 18 U.S.C. § 924(c)(1)(A)(iii) (the "Motion") [ECF No. 1]. In his Motion, Movant argues that his conviction was unconstitutional because 18 U.S.C. § 924(c)'s residual clause was void for vagueness following the United States Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015).[1] [ECF No. 1]. On September 26, 2016, the Court referred this case to Magistrate Judge William C. Turnoff for all pre-trial, non-dispositive matters and a report and recommendation on all dispositive matters. [ECF No. 4]. On December 19, 2017, Magistrate Judge Turnoff issued his

---

[1] Movant also raised arguments in his Objections that the constitutionality of the residual clause was in question based on the Supreme Court's order for re-argument in *Session v. Dimaya*, 138 S. Ct. 1204 (2018). [ECF No. 17 at 11]. The Supreme Court has since ruled that the residual clause in 18 U.S.C. § 16(b) is unconstitutionally vague for similar reasons articulated in *Johnson v. United States*. *Dimaya*, 138 S. Ct. at 1223.

Report, recommending that the Court deny the Motion.[2] [ECF No. 13]. The parties timely filed objections to the Report. [ECF Nos. 14 & 17].

On June 28, 2018, the Court stayed the case pending the Eleventh Circuit's en banc decision in *Ovalles v. United States*, 905 F.3d 1231 (11th Cir. 2018), which upheld § 924(c)'s residual clause. [ECF No. 19]. Shortly thereafter, the Supreme Court decided *United States v. Davis*, 139 S. Ct. 2319 (2019), finding § 924(c)'s residual clause to be unconstitutionally vague. On January 24, 2020, the Court ordered additional briefing following those decisions as to whether Movant's sentence was constitutional. [ECF No. 23]. The parties individually filed additional briefing on the issue. [ECF Nos. 24 & 27].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

The Court has conducted a *de novo* review of the record and agrees with Magistrate Judge Turnoff's well-reasoned analysis and conclusion that the Motion should be denied. In his Objections and supplemental briefing, Movant argues that neither carjacking nor kidnapping qualifies as a crime of violence under the elements clause of § 924(c)(3)(A), and thus, cannot satisfy the necessary predicate for his sentence under that statute. However, carjacking remains a crime of

---

[2] The case was later reassigned to Magistrate Judge Lauren Fleischer Louis. [ECF No. 18].

violence under § 924(c)(3)(A)'s elements clause following the Supreme Court's decision in *United States v. Davis*, even if it does not qualify as one under the statute's residual clause. *See Roman v. United States*, 789 F. App'x 211, 211 (11th Cir. 2019) (per curiam) (granting summary judgment and stating that the "binding precedent in this Circuit[] [is that] carjacking is a crime of violence under 18 U.S.C. § 924(c)(3)(A)'s elements clause . . . ."); 18 U.S.C. § 924(c)(3)(A).

Movant also argues that the Indictment and conviction impermissibly conflate the predicate offenses such that the Court was left to choose between them when issuing the sentence under § 924(c)(1)(A)(iii). According to the Indictment, carjacking (Counts 1 and 5) was one of the predicate offenses for Use of a Firearm in Relation to a Crime of Violence (Count 4). The other was kidnapping (Counts 2, 3, and 6). During his change of plea, Movant admitted, both orally and in writing, to carjacking and kidnapping, as alleged in the Indictment. Notably, all the cases Movant cites arise from potentially inconsistent findings by a jury at trial—not a comprehensive guilty plea. *See, e.g.*, *In re Gomez*, 830 F.3d 1225, 1227 (11th Cir. 2016) (allowing successive § 2255 motion to proceed where multiple predicate offenses were charged and the jury delivered a general "guilty" verdict because no single unanimous jury finding could be attributed to the individual predicate offenses). Here, however, because Movant entered a guilty plea as to both carjacking and kidnapping and the underlying conduct, there was no need to distinguish between the individual offenses in order to find that a single predicate offense supported Movant's conviction.

The Court also notes that the parties jointly recommended in the plea agreement, in Movant's sentencing memorandum, and at the sentencing hearing, that Movant be sentenced to 25 years of imprisonment. The Court sentenced Movant to concurrent terms of 180 months as to Counts 1, 2, 3, 5, and 6, and a consecutive term of 120 months as to Count 4—a total of 300

months, or 25 years. That same sentence could have been reached, without reaching the statute at issue here, by either sentencing Movant to 300 months on the kidnapping counts (Counts 2, 3, and 6, with life maximum terms of imprisonment) or another combination of concurrent and consecutive sentences. The Court therefore agrees that the Motion should be denied for the reasons stated in Magistrate Judge Turnoff's well-reasoned Report.

Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** as follows:

(1) Magistrate Judge William Turnoff's Report and Recommendation, [ECF No. 13], is **AFFIRMED AND ADOPTED** and incorporated into this Order by reference;

(2) Movant Jeffrey Turcotte's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255, [ECF No. 1], is **DENIED**;

(3) No certificate of appealability shall issue; and

(4) All pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of December, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE